[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11235
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:06-cr-00089-CAR-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENYON GRESHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 7, 2011)

Before CARNES, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenyon Gresham appeals the district court's imposition of a 36-month

sentence, which was the statutory maximum and above the applicable guidelines

range, following its revocation of supervised release. Gresham contends that his 36-month sentence was unreasonable because the district court either ignored or misapplied the 18 U.S.C. § 3553(a) factors that must be considered under 18 U.S.C. § 3583(e).[1]

We review the reasonableness of a defendant's sentence only for an abuse of discretion. United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010). The party challenging the sentence bears the burden of establishing that the sentence was unreasonable. Id. at 1191 n.16. When imposing a sentence for a revocation of supervised release, the district court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to deter criminal conduct, protect the public from future criminal conduct, and provide the defendant with needed educational or vocational training or medical care; (3) the applicable guideline range; (4) the pertinent policy statements of the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to any victims of the defendant's offense. See 18 U.S.C. § 3583(e).

---

[1] Gresham also contends that his 57-month sentence for his separate offense of conspiracy to possess with intent to distribute was unreasonable. But that contention is outside the scope of this appeal because we dismissed his appeal of that sentence due to a valid appeal waiver.

We engage in a two-step process when reviewing a sentence for reasonableness. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First we ensure that the district court properly calculated the guidelines range, treated the guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence—including an explanation for any deviation from the guidelines range. Id. When the district court "listen[s] to the evidence and arguments and [is] aware of the various factors [a] defendant put forward for a lesser sentence" while stating that it has considered the § 3553(a) factors, it does not procedurally err by failing to give a detailed explanation of the sentence. See Irey, 612 F.3d at 1194–95. If we are satisfied that the proper procedure has been followed, we evaluate the substantive reasonableness of the sentence imposed and do so by considering "the totality of the facts and circumstances." Id. at 1189.

In this case the district court properly calculated Gresham's guidelines range of 12 to 18 months because Gresham committed a Grade A violation of supervised release with a criminal history category of I. See U.S.S.G. §§ 7B1.1(a)(1)(A)(ii), 7B1.4. The court treated the guidelines range as advisory because it varied from that range and instead imposed a sentence at the statutory maximum. The court also adequately explained its consideration of the § 3553(a) factors and Gresham's

3

circumstances in sentencing him because it heard and considered Gresham's arguments in mitigation and his allocution; it stated that the sentence "complied with the factors that are to be considered as set forth at [§] 3553(a)" and adequately addressed the totality of the circumstances; and it stated that it had varied from the guidelines range in part because of Gresham's continued involvement in the drug trade. Accordingly, Gresham has not shown that his sentence was procedurally unreasonable. And while his sentence was above the guidelines range and at the statutory maximum, the district court did not abuse its discretion by selecting that sentence under the facts and circumstances because Gresham, while on supervised release, continued to participate in the drug trade despite his recent completion of a lengthy sentence for another felony drug trafficking conviction.

**AFFIRMED.**